UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KORINE KLOOS, | ) | CASE NO. 1: 04 CV 1874 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| CLARK RETAIL ENTERPRISES, | ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon the Motion for Summary Judgment filed by Defendant Clark Retail Enterprises (ECF # 23). For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

## I. BACKGROUND

On September 15, 2004, Plaintiff Korine Kloos filed a Complaint against Defendant Clark Retail Enterprises. (ECF # 1.) The Complaint arises from an incident that occurred while Plaintiff was working as a clerk at Defendant's retail gas service station/store located at the intersection of Puritas Avenue and West 139th Street in Cleveland, Ohio. (*Id.*) According to the Complaint:

> On April 22, 2000, Plaintiff was working the night shift from 3:30 PM to 11:15 PM when the service station/store was robbed and Plaintiff was pistol whipped suffering multiple injuries including but not limited to contusion of the right orbital tissue, fracture of the left metatarsal and prolonged post-traumatic stress disorder and major depression.
>
> * * *
>
> Defendant knew that there was a substantial certainty of Plaintiff sustaining an injury in this fashion as there had been multiple robberies at this and other nearby service stations/stores in the several years before Plaintiff's injuries, the service station/store was located in an area with a higher crime rate than other locations and Defendant had installed security devices including but not limited to safety glass windows and security cameras at other service

stations surrounding this location but refused to install such safety devices at this location despite frequent requests from employees.

(*Id.* at ¶ 4, ¶ 6.) Plaintiff contends that, as a direct and proximate result of Defendant's actions, she has suffered permanent and severe injuries, lost income and has been impaired in her ability to engage in normal social, recreational and familial activities. (*Id.* at ¶¶ 7-10.)

Defendant filed a Motion for Summary Judgment, asserting that Plaintiff's claim, based on employer intentional tort, is unsupported by any evidence. (ECF # 23 at 6.) Plaintiff has filed no opposition to Defendant's Motion.[1] Given that the time allotted for Plaintiff's opposition has elapsed, and Plaintiff has sought no extension of time in which to respond, Defendant's Motion is currently ripe for review.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

When presented with an unopposed motion for summary judgment, the Court shall

---

[1] Local Rule 7.1(d) of the United States District Court for the Northern District of Ohio requires that a party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion. The Rule likewise provides that if the party opposing the motion was served with the motion under Federal Rule of Civil Procedure 5(b)(2)(B), (C), or (D), three days shall be added to the prescribed period as provided in Federal Rule 6(e).

2

examine the motion to determine if the moving party has satisfied its initial burden of demonstrating the absence of a genuine issue of material fact. *See Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). Once the moving party has satisfied this burden, a party opposing the summary judgment motion must do more than rest on the allegations contained in the complaint. *See First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968). As set forth in the federal rules:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. P. 56(e). Indeed, the court has no duty to search the entire record to find a genuine issue of material fact. *See Guarino*, 980 F.2d at 404. It is with these standards in mind that the instant Motion must be decided.

### III. ANALYSIS

According to *Fyffe v. Jeno's, Inc.*, 59 Ohio St.3d 115 (1991),[2] a plaintiff attempting to recover for an employer intentional tort must establish:

> (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation;
>
> (2) knowledge by the employer that if the employee is subjected by his employment to such

---

[2] After the Ohio Supreme Court issued the *Fyffe* decision, the Ohio General assembly enacted Ohio Revised Code § 2745.01, which articulated new standards required to establish an employer intentional tort. The Ohio Supreme Court later found that statute to be unconstitutional, however, in that it imposed excessive standards with a heightened burden of proof for plaintiffs seeking to recover on employer intentional tort claims. *See Johnson v. B.P. Chem., Inc.*, 85 Ohio St.3d 298, 308 (1999). Thus, the *Fyffe* decision once again set forth the elements required to establish an employer intentional tort. Although the Ohio legislature has since repealed § 2745.01 and replaced it with a less stringent statute, because the injury alleged in this case occurred in the year 2000, no statutes control this Court's decision. To the contrary, this Court shall evaluate Plaintiff's claim in accordance with the standards set forth in *Fyffe* and its progeny. *See Smith v. General Motors Corp.*, No. 05-3498, 2006 WL 559372, at n.2 (6th Cir. Mar. 8, 2006).

3

dangerous process, procedure. instrumentality or condition, then harm to the employee will be a substantial certainty; and

(3) that the employer, under such circumstances and with such knowledge, did act to require the employee to continue to perform the dangerous task.

*Id.* at 115. In its Motion for Summary Judgment, Defendant argues that Plaintiff has produced no evidence to support her claim of employer intentional tort and is thus unable to satisfy the standard set forth in *Fyffe*. (ECF # 23 at 11-12.)

With respect to the first prong in *Fyffe*, Defendant argues that there was not a dangerous condition within its business operation. (*Id.* at 12-17.) Contrary to the allegations in Plaintiff's Complaint, Defendant sets forth evidence that the gas service station/store had adequate security measures, which included a security system with an intrusion detection device, a door alarm, an emergency call button. a lock, a deadbolt, a safe for the cash. and a policy of not keeping more than $125.00 of cash in the register. (*Id.* at 12-13.) Defendant likewise presents evidence that the gas service station/store had no history of violent crimes and thus required no additional security measures. (*Id.* at 13-14.)

As to the second prong in *Fyffe*, Defendant asserts that it is entitled to summary judgment for the following reasons, which are supported by the affidavit of James Scott, the Director of Loss Prevention for Clark Retail Enterprises:

> [Defendant] received no threats or warnings of any robbery for April 22, 2000 or for any date prior thereto. Further. none of the employees at the Puritas Avenue store suffered any injuries from robberies prior to April 22, 2000. From February 9, 2000, Plaintiff's first date of employment, through April 22, 2000, Plaintiff Korine Kloos did not report having been subjected to any robberies. injuries. harm or threat of harm in the course of her employment for [Defendant]. Neither James Scott nor any other employees, officers or executives at Clark Retail Enterprises. Inc. had any substantial certainty that Clark Store #1232 on Puritas Avenue in Cleveland, Ohio would be robbed on April 22, 2000. and that Korine Kloos would be injured in the course of that robbery.

4

(*Id.* at 23.) Thus, Defendant contends that there is no evidence to establish that it had knowledge that harm to Plaintiff was substantially certain to occur. (*Id.*)

Finally, concerning the third prong in *Fyffe*, Defendant states that it did not force Plaintiff to work the evening shift at the Puritas store on April 22, 2000. (*Id.* at 24.) Defendant asserts that Plaintiff voluntarily chose to work on the evening of April 22, 2000, and it no way required Plaintiff to work under dangerous conditions. (*Id.* at 25.)

As set forth in the previous section of this Opinion and Order, once Defendant has satisfied its initial burden of demonstrating the absence of a genuine issue of material fact, Plaintiff must do more than rest on the allegations contained in the Complaint. *See First Nat'l Bank*, 391 U.S. at 289. Indeed, the Federal Rules require Plaintiff to set forth specific facts showing that there is a genuine issue for trial. Under Rule 56(e), if Plaintiff does not so respond, summary judgment, if appropriate, shall be entered against her. Here, because Defendant has satisfied its initial burden of demonstrating the absence of a genuine issue of material fact, Plaintiff is required to set forth specific facts in support of her claim for employer intentional tort. In failing to oppose Defendant's Motion for Summary Judgment, Plaintiff has not met that burden. Accordingly, Defendant's Motion for Summary Judgment is GRANTED, and judgment shall be entered in favor of Defendant and against Plaintiff.

## IV. CONCLUSION

Based upon the foregoing, Defendant's Motion for Summary Judgment (ECF # 23) is GRANTED, and judgment shall be entered in favor of Defendant and against Plaintiff. Furthermore, Defendant's Motion For Ruling (ECF # 24) is DENIED as MOOT. This case is TERMINATED.

IT IS SO ORDERED.

                                   /s/ Donald C. Nugent
                                   DONALD C. NUGENT
                                   United States District Judge

DATED: May 16, 2006